UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD J. HIESHETTER, JR. et al.,<br><br>              Plaintiffs,<br>v.<br><br>BUSINESS PROPERTIES, et al.,<br><br>              Defendants. | Civil No.06cv2144-LAB (NLS)<br><br>**ORDER GRANTING DEFENDANT'S** *EX PARTE* **APPLICATION TO HAVE THE COURT RECONSIDER ORDER OF SANCTIONS AGAINST ATTORNEY RODDY**<br><br>[Doc. No. 13] |

    Before the Court in the above-captioned matter is Defendant Business Properties' *Ex Parte* Application [Doc. No. 13] to have the Court reconsider its May 4, 2007 Order Assessing Sanctions against defense counsel Michael G. Roddy [Doc. No. 11]. For the following reasons, the Court **GRANTS** the *Ex Parte* Application and **AMENDS** the May 4, 2007 Order Assessing Sanctions accordingly.

## **BACKGROUND**

    An in-person Settlement Disposition Conference ("SDC") was scheduled in the above-captioned matter on April 18, 2007 at 9:00 a.m. before this Court. Dismissal papers were not filed prior to the date of the conference, and in violation of this Court's March 23, 2007 Notice and Order setting the conference [Doc. No. 7], counsel for both parties failed to appear. Accordingly, the Court issued a Notice and Order setting a Show Cause Hearing Re: Sanctions for May 4, 2007 at 9:30 a.m. [Doc. No. 8]. Counsel were instructed in the Court's order to appear in person for the hearing, as well as to submit

declarations on or before April 27, 2007 outlining any potential justification for their failure to abide by the Court's previous order. On April 27, 2007, Plaintiff's counsel, Theodore A. Pinnock, filed a declaration in compliance with the Court's order [Doc. No. 10]. Defense counsel, Michael G. Roddy, did not file a declaration. On May 4, 2007, Mr. Pinnock appeared on time for the 9:30 a.m. Show Cause Hearing. The Court convened the hearing at approximately 9:45 a.m., after waiting fifteen minutes for Mr. Roddy to appear. Mr. Roddy failed to appear for the hearing.

Following the hearing, the Court issued an order assessing sanctions in the amount of $500 against Mr. Roddy for failing to appear as ordered by the Court at either the April 18, 2007 settlement disposition conference or the May 4, 2007 Show Cause Hearing. Mr. Roddy was instructed in the order to pay the sanction to the Clerk of Court on or before June 1, 2007. (*May 4, 2007 Order Assessing Sanctions*, Doc. No. 11, 2.) On May 15, 2007, Mr. Roddy filed the current *Ex Parte* Application as well as several exhibits in support, requesting that the Court reconsider its May 4, 2007 order.

## DISCUSSION

The Court may relieve a party from a previously issued order for reasons of mistake, inadvertence, or excusable neglect. FED. R. CIV. P. 60(b). Here, Mr. Roddy requests reconsideration of the Court's May 4, 2007 Order on several grounds: (1) the case was settled as to his client, Business Properties, on January 17, 2007, and Mr. Roddy was under the impression that Plaintiff's counsel, Mr. Pinnock, would handle all necessary arrangements with the Court to ensure the case was properly dismissed as to his client; (2) upon receipt of the appropriate closing documents from Mr. Pinnock on March 22, 2007, which were promptly signed and transferred back to Mr. Pinnock's office, Mr. Roddy believed that the matter was closed as to his client; (3) upon receipt of notice from the Court of the April 18, 2007 settlement disposition conference, Mr. Roddy assumed that this conference did not involve him or his client since they had settled the matter and signed the appropriate dismissal papers; (4) upon receipt of notice from the Court of the May 4, 2007 Show Cause Hearing Re: Sanctions, Mr. Roddy again did not believe that the order applied to him or to his client because they had signed the dismissal papers previously. Mr. Roddy also notes in the ex parte application that he was extremely busy at the time and he was having a hard time keeping his ADA cases straight. (*Defendant's Ex Parte Application*, 2-3.)

///

The crux of Mr. Roddy's argument in support of reconsideration appears to be that because he settled the case as to his client, and subsequently ensured that dismissal papers presented to him by Plaintiff's counsel were signed and returned to Plaintiff's counsel for filing, he proceeded under the mistaken belief that the case had been dismissed as to his client, and no further appearances were required of him before the Court. This argument does not persuade the Court. Mr. Roddy admits to having received notice of the Court's orders requiring his appearance on both April 18, 2007 and May 4, 2007. Had Mr. Roddy taken the time to examine the docket of the case, he would have discovered that dismissal papers were not filed prior to the April 18 settlement disposition conference, thereby triggering the Court's requirement that attorneys for all parties appear in person to inform the Court of the status of settlement. In addition, had he examined the docket of the case upon receiving notice of the May 4, 2007 Show Cause Hearing, Mr. Roddy would have discovered that although a Joint Motion to Dismiss was filed on April 19, 2007 by Plaintiff's counsel [Doc. No. 9], the motion was pending, had not been ruled upon by the presiding District Judge, and therefore the case was not closed, and the Show Cause hearing was scheduled to go forward.

In an action where a defendant has answered, the action *cannot* be dismissed except by the court's order. FED. R. CIV. P. 41(a). Therefore, Mr. Roddy's argument that he presumed signature of dismissal papers and transfer of those documents back to Plaintiff's counsel "closed the matter" as to his client belies a fundamental misunderstanding of the Federal Rules of Civil Procedure, as well as the Civil Local Rules of this Court. The Court finds that Mr. Roddy's lack of familiarity with the Federal Rules and his reliance on assumptions that the case would be closed and subsequent hearings did not require his appearance does not constitute the type of mistake, inadvertence, or excusable neglect that warrants complete relief from this Court's order assessing sanctions. Nevertheless, the Court appreciates Mr. Roddy's efforts to resolve this case thoroughly, amicably, and efficiently, as well as his sincere apology for the inconvenience caused to the Court by his failure to comply with the Court's orders.

Accordingly, the Court **GRANTS** the *Ex Parte* Application for reconsideration of the order assessing sanctions, and **AMENDS** the May 4, 2007 order as follows:

1. On or before ***June 1, 2007***, Mr. Roddy shall file a Declaration that he has reviewed thoroughly the Civil Local Rules of this Court, Rule 41 of the Federal Rules of Civil

1 | Procedure, and the previous orders of this Court that gave rise to the Court's sanctions
2 | hearing and the order assessing sanctions against him [Doc. Nos. 7, 8, & 11], and certify
3 | for the Court that he now understands the obligation of counsel to appear before the Court
4 | in compliance with its orders regardless of whether parties have reached settlement and
5 | dismissal is forthcoming.

2. Upon filing of the afore-mentioned Declaration, the Court shall withdraw the monetary sanction previously assessed against Mr. Roddy.

**IT IS SO ORDERED**.

DATED: May 17, 2007

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge